UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK HAYWARD, ET AL.,            )
                                 )
        Plaintiffs,               )
                                 )        CIVIL ACTION NO.
VS.                              )
                                 )        3:10-CV-2463-G
CHASE HOME FINANCE, LLC, ET AL., )
                                 )
        Defendants.               )

MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the plaintiffs, Mark Hayward ("Hayward") and Richard Galvan ("Galvan") (collectively, the "plaintiffs"), to remand this case to the state court from which it was previously removed, and (2) the motion of the defendants, Chase Home Finance ("Chase") and Federal National Mortgage Association ("Fannie Mae") (collectively "the defendants"), to dismiss the claims against them or, in the alternative, for a more definite statement. For the reasons set forth below, the motions to remand and to dismiss are denied, and the motion for a more definite statement is granted.

## I. BACKGROUND

In December 2007, Hayward and Galvan executed a promissory note and a deed of trust in favor of Network Funding to secure financing to purchase a home ("the property") in Dallas County, Texas. Plaintiffs' Application for Temporary Restraining Order ("Application"), *attached to* Defendants' Notice of Removal ("Notice"), *as* Exhibit C-1 at 1-2 ¶¶ 1-2 (docket entry 1). Chase acted as servicer of the loan. *Id.* at 2 ¶ 4. Due to a financial hardship caused by Hayward losing his job in February 2009, Hayward and Galvan apparently fell behind on their mortgage. See *id.* at 2 (bottom half of page) ¶¶ 1-2. In September 2009, Chase sent Hayward and Galvan a notice of intent to foreclose on the property. Plaintiffs' Original Petition ("Petition"), *attached to* Notice, *as* Exhibit C-1 at 3 ¶ 11. Hayward requested a loan modification from Chase. *Id.* Chase then offered Hayward and Galvan a Trial Payment Period Plan, but they could not afford to make the payments Chase requested under the plan. *Id.* In March 2010, Chase appointed a substitute trustee to conduct a foreclosure on the property. Application at 2 ¶ 3. On September 21, 2010, Hayward and Galvan received a letter from Chase stating that Chase would not foreclose on the property before their modification evaluation process was complete. *Id.* at 3 ¶ 5. Two weeks later, on October 5, 2010, the property was sold to Fannie Mae at a foreclosure sale. *Id.* at 3 ¶ 6. Three days later, on October 8, 2010, Hayward and Galvan received another letter from Chase stating that Chase would not

foreclose on the property before their modification evaluation process was complete. *Id.* at 3 ¶ 7. The following week, Fannie Mae sent Hayward and Galvan a notice to vacate and a "Cash for Keys" agreement, giving them until November 7, 2010, to vacate the property. *Id.* at 3 ¶¶ 8-9.

On November 10, 2010, Hayward and Galvan filed suit against Chase and Fannie Mae in the 14th Judicial District Court of Dallas County, Texas. *See* Notice ¶ 1. Hayward and Galvan sought damages for wrongful foreclosure, slander of title, breach of the Texas Debt Collection Practices Act, and unreasonable debt collection practices under Texas common law. *See generally* Petition. In their application for a temporary restraining order, Hayward and Galvan seek injunctive relief preventing Fannie Mae from interfering with their quiet enjoyment of the property pending trial on the merits. *See* Application at 7 ¶ 31. Finally, Hayward and Galvan seek a judgment declaring (1) that their property was wrongfully foreclosed, (2) that neither Chase nor Fannie Mae is the proper holder of the promissory note, (3) who currently holds the note and how much is owed on it, and (4) that quiets title to the property in them. See *id.* ¶¶ 10-11.

On December 3, 2010, Chase and Fannie Mae timely removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446 based upon diversity-of-citizenship jurisdiction. Notice at 1-2. Chase and Fannie Mae also filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted or,

alternatively, for a more definite statement under Rule 12(e). Chase Home Finance LLC and Federal National Mortgage Association's Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for More Definite Statement ("Motion to Dismiss") at 1 ¶ 3 (docket entry 4).

On December 22, 2010, Hayward and Galvan filed a motion to remand, arguing that removal was improper because there is not complete diversity of citizenship between the parties and because the amount in controversy does not exceed the requisite $75,000 jurisdictional threshold. Plaintiffs' Motion for Remand and Incorporated Memorandum of Law ("Motion for Remand") at 2 (docket entry 5).

## II. ANALYSIS

### A. Motion to Remand

Federal law permits defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because removal deprives "the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 365-66 (5th Cir. 1995). See also *Matter of Crystal Power Company*, 2011 U.S. App. LEXIS 5694, at *4 (5th Cir. Mar. 21, 2011); *Texas Instruments Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 146 (N.D. Tex.

2010) (J. Fish).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (J. Means). See also *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000).  The party seeking removal bears the burden of establishing federal jurisdiction.  See, *e.g.*, *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Texas Instruments*, 266 F.R.D. at 146.

There are two primary bases on which a district court may exercise jurisdiction after removal: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.  Here, Chase and Fannie Mae alleged only diversity of citizenship as a basis of this court's jurisdiction.

The court can exercise diversity jurisdiction after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the amount in controversy is more than $75,000, excluding interest and costs, see 28 U.S.C. § 1332(a).  See also *Texas Instruments*, 266 F.R.D. at 146.

Diversity of citizenship exists only when none of the defendants is a citizen of the same state as any of the plaintiffs.  *See* 28 U.S.C. § 1332(a).  Here, both plaintiffs

are citizens of Texas. *See* Petition ¶ 1. Thus, if either Chase or Fannie Mae is a citizen of Texas, diversity of citizenship is defeated.

The citizenship of a limited liability company is determined by the citizenship of all of its members. See, *e.g.*, *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted); *Greene v. Moody*, 2010 U.S. Dist. LEXIS 59309, at *2 (N.D. Tex. June 14, 2010) (J. Fish). Chase is a limited liability company with only one member -- Chase Home Finance, Inc. ("Chase Corporation") -- which is a corporation. Notice at 4 ¶ 5(b)(ii). Thus, Chase's citizenship is determined by the citizenship of Chase Corporation. See *id.*; *Harvey*, 542 F.3d at 1080.

A corporation is a citizen of (1) the state where it was incorporated and (2) the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Chase Corporation was incorporated in Delaware and its principal place of business is New Jersey. Notice at 4 ¶ 5(b)(ii). Thus, Chase Corporation is a citizen of both Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1).

Fannie Mae is a federally chartered corporation. Notice at 4 ¶ 5(b)(iii). Because a federally chartered corporation is incorporated under acts of Congress, rather than under state laws, it generally has national citizenship but no state citizenship. See *Bankers Trust Company v. Texas & Pacific Railroad Company*, 241 U.S. 295, 309 (1916). In a suit where one of the defendants has only national citizenship

but no state citizenship, diversity is impossible because the suit is not between citizens of different states. See *id.* at 309-10.

There are two exceptions to the general rule that a federally chartered corporation has only national citizenship. First, a federal corporation that limits its business activities to only one state is a citizen of that state for jurisdictional purposes. See, *e.g.*, *Engelmeyer v. Production Credit Association of Midlands*, 652 F. Supp. 1235, 1236 (D.S.D. 1987); *Burton v. United States Olympic Committee*, 574 F. Supp. 517, 519 (C.D. Cal. 1983). The second is where Congress has passed legislation specifying that the corporation is a citizen of a particular state for jurisdictional purposes. See *Engelmeyer*, 652 F. Supp. at 1237; *Burton*, 574 F. Supp. at 519. Fannie Mae's charter states that it "shall maintain its principal office in the District of Columbia . . . and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation." 12 U.S.C. § 1717(a)(2)(B). Thus, Fannie Mae is a citizen of the District of Columbia. See *id.*; *Engelmeyer*, 652 F. Supp. at 1237.

To support their argument that this court should remand the case, Hayward and Galvan contend that Chase and Fannie Mae had a continuing and substantial connection with Texas, sufficient to subject them to the general jurisdiction of Texas courts. *See* Motion for Remand at 2. Hayward and Galvan correctly conclude that, when a business's contacts with a state subject it to the general jurisdiction of that

state, "specific jurisdiction analysis becomes moot." *Id.* The plaintiffs fail to realize, however, that specific and general jurisdiction analysis is only relevant when considering *personal* jurisdiction. See generally *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408 (1984). Chase and Fannie Mae have not challenged the authority of courts within Texas to exercise jurisdiction over them. In fact, Chase and Fannie Mae waived their right to challenge personal jurisdiction when they omitted the defense from their motion to dismiss. *See* FED. R. CIV. PROC. 12(g)(2), (h)(1)(A). See also *Golden v. Cox Furniture Manufacturing Company*, 683 F.2d 115, 118 (5th Cir. 1982); *Prime Lending v. Moyer*, 2004 U.S. Dist. LEXIS 9724, at *10-11 (N.D. Tex. May 28, 2004) (J. Fish). Thus, any personal jurisdiction analysis, general or specific, is moot.

To determine the amount in controversy, the court looks first to a plaintiff's state court petition. See, *e.g.*, *Manguno v. Prudential Property & Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002); *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Chambers v. Chase Home Finance, LLC*, 2006 U.S. Dist. LEXIS 79167, at *7-8 (N.D. Tex. Oct. 31, 2006) (J. Fish). If the amount in controversy is not facially apparent from the petition, the burden falls on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *Allen*, 63 F.3d at 1335 (citing *De Aguilar v. Boeing Company*, 11 F.3d 55, 58 (5th Cir. 1993)); *Chambers*, 2006 U.S. Dist. LEXIS 79167,

at *7.  The defendant may present this evidence in the notice of removal or a separate affidavit.  See *Allen*, 63 F.3d at 1335; *Chambers*, 2006 U.S. Dist. LEXIS 79167, at *7-8.  "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Chambers*, 2006 U.S. Dist. LEXIS 79167, at *8 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

The amount in controversy in actions seeking declaratory judgment or injunctive relief is the "the value of the right to be protected or the extent of the injury to be prevented."  *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); accord *St. Paul Reinsurance Company, Limited, v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).  See also *Chambers*, 2006 U.S. Dist. LEXIS 79167, at *10.  "The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant."  See *Chambers*, 2006 U.S. Dist. LEXIS 79167, at *10 (citing *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996)).

Hayward and Galvan seek unspecified compensatory and exemplary damages for wrongful foreclosure, slander of title, breach of the Texas Debt Collection Practices Act, and unreasonable debt collection practices under Texas common law. *See generally* Petition.  Hayward and Galvan also seek injunctive relief preventing

Fannie Mae from interfering with their quiet enjoyment of the property pending trial on the merits. *See* Application at 7 ¶ 32. Finally, Hayward and Galvan seek a declaration (1) that their property was wrongfully foreclosed, (2) that neither Chase nor Fannie Mae is the proper holder of the promissory note, (3) that specifies who currently holds the note and how much is owed on it, and (4) that quiets title to the property in them. See *id.* ¶ 10-11.

Hayward and Galvan's original petition and application for temporary restraining order are silent regarding the value of any of their claims and the amount in controversy is not otherwise apparent. *See generally* Petition; Application. The burden, therefore, falls on Chase and Fannie Mae to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *Allen*, 63 F.3d at 1335; *Chambers*, 2006 U.S. Dist. LEXIS 79167, at *7. Chase and Fannie Mae have presented no evidence that demonstrates the amount of damages Hayward and Galvan seek for their tort claims. Rather, the only evidence Chase and Fannie Mae have produced regarding the amount in controversy is an appraisal of the property from the Dallas Central Appraisal District, which shows that the fair market value of the property is $416,000. Appraisal, *attached to* Defendants Chase Home Finance LLC and Federal National Mortgage Association's Appendix in Support of Response to Plaintiffs' Motion for Remand ("Response to Motion to Remand"), as Exhibit A-1, (docket entry 11-2). Thus, the amount in controversy exceeds the jurisdictional

threshold only if Chase and Fannie Mae are correct that the amount in controversy is equal to the fair market value of the property.

Hayward and Galvan argue that the amount in controversy is equal to the fair market value of the property only when measured from the defendants' perspective. This is because they do not seek a declaration granting them outright ownership of the property, but only that "they owe Defendants no debt and that Defendants do not hold or possess the Note." Motion for Remand at 4 (emphasis in original omitted). Hence, Hayward and Galvan also seek "a declaration of which party is the current holder of the Note." *Id.* Thus, Hayward and Galvan allege that, measured from their viewpoint, the value of a declaration that quiets title to the property in them is nothing because a favorable judgment "will not award Plaintiffs any greater rights or interest in the Property than Plaintiffs already possess." *Id.* at 4-5. The court disagrees.

Hayward and Galvan profess that they desire a declaration that some party other than Chase and Fannie Mae has an interest in the property or the promissory note, yet they have not joined or even identified any such party. The Texas Supreme Court has held that a court does not have jurisdiction to declare the rights of parties who are not before the court because any opinion adjudicating the rights of absent parties would be purely advisory. See *Brooks v. Northglen Association*, 141 S.W.3d 158, 163-64 (Tex. 2004). *See also* TEX. CIV. PRAC. & REM. CODE § 37.006(a) ("When

declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties."); TEX. R. CIV. P. 39(a) ("A person who is subject to service of process shall be joined as a party in the action if . . . he claims an interest relating to the subject of the action. . . ."). Thus, in this suit, the court only has jurisdiction to declare the rights of Hayward, Galvan, Chase, and Fannie Mae. Due to this limitation, if the court concludes that neither Chase nor Fannie Mae holds the promissory note and quiets title in Hayward and Galvan, it could not declare that the interest claimed by Fannie Mae belongs to an unnamed party. Rather, the court would have to declare that the interest claimed by Fannie Mae belongs to Hayward and Galvan. See *Brooks*, 141 S.W.3d at 163; TEX. CIV. PRAC. & REM. CODE § 37.006(a); TEX. R. CIV. P. 39(a).

When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Insurance Corporation*, 296 F.2d 545, 547-548 (5th Cir. 1961). Hayward and Galvan seek an order from this court declaring that the title Fannie Mae bought at the foreclosure sale is invalid. *See* Application at 4 ¶ 11. If the court denies this request, Fannie Mae will hold indefeasible title to the *entire* property. *See* Deed of Trust, *attached to* Request for Judicial Notice in Support of Plaintiffs, Objection and in the Alternative, Response to Defendants' Motion to Dismiss ("Response to Motion to Dismiss"), *as* Exhibit K, sec. 22 (docket entry 14-11). See also *Brooks*, 141 S.W.3d at 163; TEX.

CIV. PRAC. & REM. CODE § 37.006(a); TEX. R. CIV. P. 39(a). If the court grants this request, Hayward and Galvan will hold the same. Thus, Hayward and Galvan's request for a declaration that quiets title to them calls into question a right to the property in its entirety and the amount in controversy is equal to the value of the property. See *Waller*, 296 F.2d at 547-48. Because the fair market value of the property is $416,000, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See* Appraisal.

Because the parties are completely diverse, and because the requisite amount is in controversy, Hayward and Galvan's motion for remand is denied.

### B. Motion to Dismiss

When a claim is originally brought in a Texas state court and then removed to federal court, Texas procedural law determines whether the claim survives a motion to dismiss. See *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *White v. BAC Home Loans Servicing, LP*, 2010 U.S. Dist. LEXIS 116891, at *5-6 (N.D. Tex. Nov. 2, 2010) (J. Fish); *SFTF Holdings, LLC v. Bank of America*, 2011 U.S. Dist. LEXIS 29036, at *2 (N.D. Tex. Marc. 22, 2011) (J. Fish). Hayward and Galvan originally filed all of their claims in a Texas state court, so Texas pleading standards apply to all of their claims. Under Texas's "fair notice" pleading standard, the test is "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." See *Horizon/CMS Healthcare Corporation v. Auld*, 34

S.W.3d 887, 896 (Tex. 2000) (citing *Broom v. Brookshire Brothers, Inc.*, 923 S.W.2d 57, 60 (Tex. App.--Tyler 1995, writ denied)).  See also *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); TEX. R. CIV. P. 47(a).  Pleadings need only "consist of a statement in plain and concise language of the plaintiff's cause of action. . . .  That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45 (b).  "Fair notice" provides the "opposing party information sufficient to enable him to prepare a defense." *Horizon/CMS Healthcare*, 34 S.W.3d at 897 (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

In addition to applying liberal standards to pleadings, Texas courts only dismiss a complaint at the pleading stage if the pleadings affirmatively demonstrate an incurable defect.  See *Westbrook v. Penley*, 231 S.W.3d 389, 395 (Tex. 2007). Minus an incurable defect, a complaint is subject, at most, to an order to replead. See *id.* (concluding that a plaintiff should be afforded the opportunity to replead if the pleadings "do not affirmatively demonstrate an incurable defect"); *Gallien v. Washington Mutual Home Loans, Inc.*, 209 S.W.3d 856, 862-63 (Tex. App.--Texarkana 2006, no pet.) ("[A] trial court cannot dismiss a plaintiff's entire case with prejudice if the pleadings state a valid cause of action, but are vague, overbroad, or otherwise susceptible to valid special exceptions."); *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) ("When the trial court sustains special exceptions, it must give the

pleader an opportunity to amend the pleading."); *Peek v. Equipment Service Company*, 779 S.W.2d 802, 805 (Tex. 1989) ("Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a motion for summary judgment.").

Chase and Fannie Mae assert that Hayward and Galvan's petition "is devoid of factual allegations supporting specific causes of action upon which relief may be granted," "provide[s] only conclusory statements," and forces Chase and Fannie Mae to guess at the facts giving rise to the causes of action asserted and the duties and obligations they allegedly violated. Chase Home Finance LLC and Federal National Mortgage Association's Brief in Support of Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for More Definite Statement ("Brief in Support of Motion to Dismiss") at 3, 7, 10 (docket entry 4-1). While Chase and Fannie Mae successfully argue that the complaint is not a model for clarity, they fail to affirmatively demonstrate an incurable defect. Thus, the motion to dismiss is denied.

### C. Motion for a More Definite Statement

Under the Texas Rules of Civil Procedure, the party moving for a more definite statement "shall not only point out the particular pleading excepted to, but . . . shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted

to."[*] TEX. R. CIV. P. 91.  The Federal Rules of Civil Procedure provide district judges discretion to order the plaintiff to replead a complaint that has been removed from state court.  *See* FED. R. CIV. P. 81(c)(2).

While repleading is generally disfavored, Chase and Fannie Mae point out, with particularity, defects in all of Hayward and Galvan's causes of action.  *See generally* Brief in Support of Motion to Dismiss.  For example, the complaint does not set forth the elements of any of the causes of action; contains apparent contradictions, *see* Petition at 3-4 (alleging that "Chase committed a wrongful foreclosure by . . . [d]emanding amounts that were not actually due in order to *avoid* foreclosure") (emphasis added); alleges statutory violations, but does not specify what sections of the statute were violated, see *id.* at 5; and consists of merely one conclusory sentence for the slander of title claim, see *id.* at 4.  The court agrees with Chase and Fannie Mae, Brief in Support of Motion to Dismiss at 10, that the pleading "is so vague [and] ambiguous that [they] cannot reasonably be required to frame a responsive pleading."  Chase and Fannie Mae's motion for more definite statement is accordingly granted.

Hayward and Galvan shall replead their case, if they can, so as to state the liability of Chase and Fannie Mae under their various causes of action.  Hayward and

---

[*] While the Texas Rules of Civil Procedure refer to this as a "special exception," it is analogous to a motion for more definite statement under the Federal Rules.  *Compare*  FED. R. CIV. P. 12(e) *with* TEX. R. CIV. P. 91.

Galvan should also be aware that their repleaded complaint will be subject to the stricter federal standards regarding sufficiency of pleading under the federal rules and case law.

### III. CONCLUSION

For the reasons discussed above, Hayward and Galvan's motion to remand is **DENIED**, Chase and Fannie Mae's motion to dismiss is **DENIED**, and Chase and Fannie Mae's motion for more definite statement is **GRANTED**. The plaintiffs are granted leave to their complaint, within fifteen days of this date, for the purpose of more clearly stating their claims. Failure to file and serve an amended complaint within that time will result in dismissal of this case without further notice.

**SO ORDERED**.

July 18, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**